ALEXANDER J. SHAMBERG, PROSECUTOR, v. NEW JERSEY SHORE LINE RAILROAD COMPANY.

Argued June 13, 1904—Decided February 27, 1905.

Before Justices FORT and PITNEY.

For the prosecutor, *Collins & Corbin.*

For the defendant, *Vredenburgh, Wall & Van Winkle.*

The opinion of the court was delivered by

FORT, J.    In this case the questions determined at this present term in Shamberg *v.* Riparian Commissioners et al. and the Woodcliff Land Improvement Co. *v.* New Jersey· Shore Line Railroad Co., are, so far as applicable hereto, controlling.

One question is raised in this case not in either of those cases.    It is contended that the narrow strip of land sought to be condemned here as a part of the full width of the proposed right of way of the surveyed route of the defendant company cannot be so taken, as it is not, in itself, of sufficient width for the railroad right of way when unconnected with the land that it adjoins on the east, which land is all land of the state lying under water between high and low water marks and cannot be condemned.    The last clause of section 13 of the General Railroad law (Revision of 1903) enacts that "no [railroad] company shall be authorized to take by condemnation any land belonging to the State of New Jersey." *Pamph. L.* 1903, *p.* 79.    This clause in no way prohibits such a company from acquiring such lands, by grant, after the owner of the *ripa* shall fail to take the same upon the expiration of a six months' notice given to him by an applicant therefor and his neglect to take as provided by statute.    Nor does the statute inhibit, in any way, the right of such a company to take such lands by condemnation after the owner of the *ripa* shall acquire the same by grant from the riparian commissioners.

It is not a valid objection for one whose land is subject to condemnation to assert that other lands are not the subject of condemnation.

The order appointing commissioners in this case, brought up by the writ, is affirmed.